v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 6, 1955.

COMMONWEALTH of Kentucky ex rel. Robert H. ALLPHIN, Commissioner of Revenue, Appellant,

v.

HEAVEN HILL DISTILLERIES, Inc., Appellee.

Court of Appeals of Kentucky.

May 6, 1955.

12

---

William S. Riley, William E. Scent, Frankfort, for appellant.

J. Smith Barlow, Jr., Bardstown, for appellee.

CULLEN, Commissioner.

The judgment of the Nelson Circuit Court, from which the Commissioner of Revenue of Kentucky has appealed, adjudged that Heaven Hill Distilleries, Inc., be exonerated from ad valorem taxes based on assessments for the years 1946 through 1953 on 164 barrels of bourbon whiskey that had been distilled and held in storage by the distillery.

The whiskey in question was distilled in 1946 and placed in a bonded warehouse. Pursuant to KRS 132.140, a flat or blanket barrel valuation is fixed by the Kentucky Tax Commission, each year, on all whiskey in bonded warehouses. Accordingly, the whiskey of the Heaven Hill Distilleries was assessed, each year from 1946 through 1953, at the blanket rate fixed by the Kentucky Tax Commission.

Under KRS 132.160, the privilege is accorded of deferring payment of the ad valorem taxes on whiskey in bonded warehouses until the federal tax becomes due or is paid, which ordinarily is when the whiskey is withdrawn from bond for bottling. The Heaven Hill Distilleries utilized this privilege, so the taxes accruing on the annual assessments were not paid while the whiskey remained in storage.

In 1953, when the whiskey ultimately was removed from storage, it was discovered that it contained fusel oil in such an amount as to render the whiskey worthless. It appears that the presence of the fusel oil was due to the fact that at the time the whiskey was distilled the distillery was in the process of converting from the production of industrial alcohol for the government.

Upon discovering that the whiskey was worthless, the distillery commenced a proceeding in the county court, under KRS 133.130(1), seeking to be exonerated from the taxes that had accrued on the assessments made during the years the whiskey was in storage. The county court granted exoneration, and on appeal the circuit court affirmed the exoneration. However, the circuit court based its judgment, not on the statute, but upon the court's "broad equitable powers." The circuit court found as a fact that the 164 barrels of whiskey had never had any value on any of the assessment dates.

We think it is clear that KRS 133.130(1) is not applicable here, because it provides only for the relief of a person who has erroneously been charged with a tax upon property not owned by him. The question is, then, whether relief properly

was granted under the broad powers of equity.

◼ While equitable considerations would seem to justify the granting of relief to the taxpayer in the particular circumstances here presented, we are of the opinion that to do so would run contrary to the principles of the statutory system for assessment and collection of ad valorem taxes. Under this system, when a taxpayer's property is assessed, he must decide whether he will resist or contest the assessment. If he believes the property has no value, administrative and judicial remedies are afforded him, under KRS 133.120, by which he may contest the assessment. On the other hand, if he believes the property does have a value, and accepts the assessment, he must abide by it. He cannot merely assume that the property has value and then later, at his convenience, seek to set an assessment aside because he has discovered that his assumption was erroneous.

◼ Although admittedly it would have been difficult and perhaps burdensome for the Heaven Hill Distilleries to make a determination, prior to each assessment date, as to whether each barrel in its warehouses contained marketable whiskey, the duty was upon the distillery to do so.

◼◼ If a taxpayer should list promissory notes, stocks or bonds for taxation, at an assumed valuation, and then when the taxes became due, should discover that they were worthless at the time of the listing, it is clear that he could not obtain exoneration. This is because the duty is on the taxpayer to ascertain the facts as to value. Except from the standpoint of the degree of inconvenience in ascertaining the value, there is no distinction between a promissory note and a large number of barrels of whiskey.

We think that the practical administration of the ad valorem tax laws requires that the taxpayer carry this burden of determining value.

The judgment is reversed, with directions to enter judgment for the Commonwealth.